**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-1441**

_____

MARIANA OLIVIA SAVU,

Plaintiff - Appellant,

v.

PUROLITE CORPORATION; HOPKINTON DRUG COMPANY,

Defendants - Appellees.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah Lynn Boardman, District Judge.  (8:22-cv-01149-DLB)

_____

Submitted:  November 6, 2023                          Decided:  January 3, 2024

_____

Before RUSHING and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Mariana Olivia Savu, Appellant Pro Se.  R. Scott Krause, LEWIS BRISBOIS BISGAARD & SMITH LLP, Baltimore, Maryland; Andrew Seth Bassan, KIERNAN TREBACH, LLP, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mariana Olivia Savu appeals the district court's order granting Defendants Purolite Corporation's and Hopkinton Drug Company's motions to dismiss her amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). We have reviewed the record and find no reversible error.[*] Accordingly, we affirm the district court's order. *Savu v. Purolite Co.*, No. 8:22-cv-01149-DLB (D. Md. filed Feb. 21, 2023 & entered Feb. 22, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] The district court dismissed several of Savu's claims against Purolite on the basis that, under the learned intermediary doctrine, Purolite did not have a duty to warn Savu of the potential side effects of cholestyramine. Although this Court has long assumed the learned intermediary doctrine applies under Maryland law, *see Hofherr v. Dart Indus., Inc.*, 853 F.2d 259, 263 (4th Cir. 1988), the Supreme Court of Maryland has since clarified that it has not expressly adopted the doctrine for use in products liability claims against pharmaceutical manufacturers, *Gourdine v. Crews*, 955 A.2d 769, 782-83 (Md. 2008). Regardless, we continue to anticipate that the court would adopt the doctrine if the issue were squarely presented to it. *See Zeigler v. Eastman Chem. Co.*, 54 F.4th 187, 194 (4th Cir. 2022) (explaining that if a "state's highest court has not directly addressed an issue, we anticipate what its decision would be" (internal quotation marks omitted)). Accordingly, we discern no reversible error in the district court's application of the doctrine to Savu's claims. *See Doe v. Va. Polytechnic Inst. & St. Univ.*, 77 F.4th 231, 236 n.5 (4th Cir. 2023) ("[W]e may affirm on any ground supported by the record.").